

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Education
Austin, Texas

Dear Sir:                                    Attention: Mr. T. M. Trimble

Opinion No. O-2027
Re: Scholastics residing in Los
Angeles Heights School District
whose parents are employed on
Fort Sam Houston Military Res-
ervation.

We are in receipt of your letter of February 29,
1940, requesting the opinion of this Department upon the
question submitted in the following portion of your letter:

"Acting under the provisions of Article
2756b, the State Board of Education made the
military reservation of Fort Sam Houston a part
of the San Antonio Independent School District.

"Question: Some of the people employed in
the Fort Sam Houston Military Reservation re-
side in the Los Angeles Heights School District
of Bexar County. Los Angeles Heights is an in-
dependent school district, capable of caring for
the resident scholastics of its district. It is
the desire of these residents of Los Angeles
Heights District, who are employed in the Fort
Sam Houston Military Reservation, to send their
children to the San Antonio Independent School
District. Under the provisions of Article 2756b,
which states that the children who are entitled
to attend schools thus established shall be those
of officers, warrant officers, soldiers, and ci-
vilians residing or employed upon such reserva-
tion, are the children of the civilian employees
referred to above entitled to attend the San An-
tonio Schools free of charge, or are they to be
considered resident scholastics and entitled to
free tuition only in the district in which their
parents reside?"

Department of Education, Page 2

Article 2756b, Vernon's Texas Civil Statutes, (Acts 1925, 44th Legislature, p. 299, Ch. 112) provides as follows:

"Section 1. That the State Board of Education is hereby authorized and empowered to establish independent school districts upon any military reservations located within the State of Texas, upon such terms and conditions as may be agreed upon by the State Board of Education and the military authorities; and such districts may be entitled to enumerate its scholasites, to share in the State per capita apportionment, and such other privileges as are now granted to independent and common school districts.

"Provided, that the children who are entitled to attend the schools thus established, shall be those of the officers, warrant officers, soldiers and civilian employees residing or employed upon such reservations.

"And provided, that wherever in the opinion of the State Board of Education, the number of children resident upon any military reservation is not sufficient to warrant the establishment of a separate shhool district, that such military reservation shall for the purpose of this Act be included in any other school district under such regulations as the Board of Education may determine. Provided further, that the Board of Trustees of such district shall have the authority to transfer to any other independent or common school district maintaining adequate facilities and standards for elementary, junior or senior high schools, as set up by the State Department of Education and Southern Association, any school children who can not be provided for by the district of their residence.

"Sec. 2. Upon establishment of a school district on any military reservation as heretofore provided, the State Superintendent of Public Instruction shall appoint a board of three trustees for each district so created, to be selected from a list of civilians who are qualified under the general school laws of Texas, and who live or are employed upon the military reservation in which the school district is created,

Department of Education, Page 3

such list to be furnished by the commanding of-
ficer of said military reservation to the State
Superintendent of Public Instruction. Said trus-
tees shall hold office for two years, and until
their successors are appointed and qualified.

"Provided, that in so far as practicable
the teachers of said schools shall be selected
from the residents of said school district who
are qualified to teach in the public schools of
the State of Texas; and

"Provided further, that each year the trus-
tees of said districts shall take, and certify
the census of eligible children within the scho-
lastic ages; the scholastics so enumerated shall
be entitled to participate in the annual appor-
tionment of the State Available School Fund, and
the amount of the available school fund to which
the said district is entitled according to its
scholastic population each year, shall be appor-
tioned and paid directly to the said district.
The laws pertaining to independent school dis-
tricts shall govern said districts so far as the
same may be applicable, but the State Board of
Education may make such special regulations and
orders for the government of such districts as
they may deem expedient."

Section 1 of the foregoing Act authorizes the
establishment or creation of independent school districts
upon military reservations and the proviso following set-
ting out that children of employees residing or employed
upon such reservation shall be entitled to attend the
schools thus established, clearly has reference to scholas-
tics entitled to attend the schools of an independent dis-
trict created or established upon a military reservation.
The Board of Education, however, according to your letter,
did not establish or create a school district on the Fort
Sam Houston Military Reservation, but acted under another
provision of the Act. Apparently being of the opinion that
the number of children resident upon the military reserva-
tion was not sufficient to warrant the establishment of a
separate school district, the territory of the military
reservation was included in the San Antonio Independent
School District. We assume that no rules or regulations
were prescribed by the Board of Education since you mention-
ed none in your letter.

Department of Education, Page 4

We find nothing in Section 1 of the Act which would entitle children of persons employed on the Fort Sam Houston Military Reservation but residing in the Los Angeles Heights District to attend the schools of the San Antonio Independent School District where such reservation has been attached to and made a part of the San Antonio Independent School District as distinguished from the creation or establishment of separate independent district on the military reservation.

Section 2 provides for the appointment of trustees and the management, operation, and control of a separate district established on the reservation and contains no provision which would operate as an exception to or change the general law when no such district has ever been established.

Under the facts set out in your letter, it is our opinion that children of civilian employees working on the Fort Sam Houston Military Reservation but residing in the Los Angeles Heights School District should be considered resident scholastics of the Los Angeles Heights School District and would not be entitled to free tuition in the San Antonio Independent School District by reason of the fact that the parents of such children may be employed upon the military reservation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Cecil C. Cammack*
Cecil C. Cammack
Assistant

CCC:EW

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN